```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MAYRA FERNANDEZ,                         :
                      Petitioner,        :    06 Civ. 13524 (DLC)
                                         :    02 CR. 1398
              -v-                        :
                                         :    MEMORANDUM
UNITED STATES OF AMERICA,                :    OPINION & ORDER
                      Respondent.        :
                                         :
-----------------------------------------X
```

Appearances

For Petitioner:
Mayra Fernandez, Pro se

For Respondent:
Michael J. Garcia
United States Attorney
Raymond J. Lohier, Jr.
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

    On November 8, 2006, Mayra Fernandez ("Fernandez") filed a timely petition pursuant to Title 28, United States Code, Section 2255, asserting that assigned counsel provided ineffective assistance at her sentencing. For the following reasons, the petition is denied.

    Fernandez was indicted on October 29, 2002, and charged with conspiring to distribute and possess with intent to distribute one kilogram and more of heroin. Her jury trial on

this charge began on March 3, 2003, and she was convicted. The evidence showed that Fernandez stored and processed heroin in her apartment. Responding to a shooting outside Fernandez's apartment, the police had recovered drug processing equipment and other paraphernalia from the apartment and its environs, and this evidence was introduced at the trial.

Lance Croffoot-Suede, an attorney with White & Case LLP, was appointed to represent Fernandez following trial, on October 14, 2003. He was assisted by two associates at his law firm, Joseph Mack and Victoria Orlowski.

Fernandez was sentenced on March 17, 2005, principally to a term of imprisonment of 151 months. The Presentence Report had calculated the sentencing guidelines range, with an offense level of 36 and a Criminal History Category of I, as 188 to 235 months. In advance of sentence, Fernandez's attorneys submitted a forty-six page sentencing memorandum, arguing for a sentence as close to the mandatory minimum ten-year term of imprisonment as possible. The Government responded, and defense counsel replied with additional submissions. At the time of sentence the Court determined that the offense level was 34 and the guidelines range was 151 to 188 months.

Fernandez appealed, challenging her sentence as procedurally and substantively unreasonable. On April 3, 2006, the Court of Appeals affirmed the conviction. United States v.

<u>Fernandez</u>, 443 F.3d 19 (2d Cir.), <u>cert. denied</u>, 127 S. Ct. 192 (Oct. 2, 2006).

In her habeas petition, Fernandez asserts that her counsel at sentence failed to represent her effectively in two respects. First, she claims that she was advised not to make a statement regarding her involvement in the offense of conviction. Second, she claims that counsel did not argue that a guidelines sentence would be unreasonably long and create an unwarranted disparity between her sentence and the sentence of a co-defendant. These claims do not succeed.

As for her first claim, Fernandez did speak at sentence regarding her involvement in the crime for which she was convicted. She admitted her guilt and stated that she had helped her father distribute drugs. Later in her statement, she again acknowledged that she was guilty.

Fernandez is also mistaken concerning her attorneys' arguments on her behalf. Her attorneys made lengthy written and oral statements pleading for a reduced sentence for her, arguing from several different perspectives that a guidelines sentence would be too long and that any sentence longer than the mandatory minimum sentence would be unreasonable. In addition, her attorneys' sentencing memorandum spent several pages addressed specifically to the issue of sentencing disparity, comparing her guidelines sentence and that of her co-defendant

3

father.  Fernandez has not shown either that her attorneys' performance was wanting or that she suffered any prejudice due to their advocacy.  In rejecting her direct appeal, in which she claimed that the Court erred in failing to consider the alleged disparity, the Court of Appeals held that she had not shown either that the Court had failed to consider the disparity or that the co-defendant was similarly situated.  Id. at 29-33.

## Conclusion

The petition for a writ of habeas corpus is denied. No certificate of appealability shall issue.  Petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  Moreover, any appeal from this order would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated:   New York, New York
         August 20, 2007

_____
DENISE COTE
United States District Judge

4

COPIES SENT TO:

Mayra Fernandez
54089-054
Metropolitan Correctional Center
150 Park Row
New York, NY 10007


Raymond J. Lohier, Jr.
U.S. Attorney's Office
1 St. Andrew's Plaza
New York, NY 10007